**Kyle A. Sturm, OSB 080214**
kyle@foremansturm.com
**Nicholas A. Thede, OSB 075460**
nick@foremansturm.com
FOREMAN STURM & THEDE LLP
P.O. Box. 13098
Portland, Oregon 97213
T: 503.206.5824

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ABITARE CONDOMINIUM ASSOCIATION, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint against defendant State Farm Fire and Casualty Company, plaintiff Abitare Condominium Association, by and through its undersigned counsel, alleges as follows:

**PARTIES**

1. Abatare Condominium Association ("Abitare") is a non-profit corporation organized under the laws of the state of Oregon, with its principal place of business in Portland, Oregon.

2. State Farm Fire and Casualty Company ("State Farm") is a corporation organized under the laws of the state of Illinois, with its principal place of business in Bloomington, Illinois. At all material times, State Farm was licensed to issue, and did issue, insurance policies in Oregon.

**JURISDICTION AND VENUE**

3. This Court has personal jurisdiction over all parties because State Farm regularly transacts business in Oregon, and sold the subject insurance policies in Multnomah County, Oregon.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(a) because the events that gave rise to this action occurred in Multnomah County, Oregon.

**FACTUAL ALLEGATIONS**

6. Abitare is a community association located in Multnomah County, Oregon, that is comprised of a series of condominium buildings ("the Abitare buildings").

7. State Farm issued Abitare a series of insurance policies beginning on or about October 24, 1995, that were renewed continuously through the present ("the State Farm policies").

8. The State Farm policies covered the Abitare buildings for property damage pursuant to the terms contained in the State Farm policies.

9. The Abitare buildings sustained property damage while one ore more of the State Farm policies were in effect.

10. Abitare submitted a claim under the State Farm policies for the property damage to the Abitare buildings ("the Claim").

11. State Farm denied the Claim and has not paid any amount to Abitare.

12. The property damage sustained by the Abitare buildings is covered under the State Farm policies.

13. State Farm's decision to deny the Claim and refusal to pay is unreasonable and constitutes a breach of the State Farm policies.

14. State Farm's acts or omissions in investigating, adjusting, and handling the Claim were also unreasonable and breached the obligations imposed by the State Farm policies.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Breach of Contract - Express)

15. Abitare incorporates all of the preceding paragraphs as if fully stated herein.

16. The State Farm policies constitute valid, enforceable contracts with Abitare.

17. State Farm breached the terms of the State Farm policies by failing to pay Abitare on its claim for coverage.

18. As a result of State Farm's breach, Abitare suffered damages in an amount to be proven at the time of trial.

19. Abitare is entitled to recover its attorney fees and costs from State Farm pursuant to ORS 742.061.

### SECOND CLAIM FOR RELIEF

### (Breach of the Contract - Implied Covenant of Good Faith and Fair Dealing)

20. Abitare incorporates all of the preceding paragraphs as if fully stated herein.

21. The implied terms of the State Farm policies include State Farm's promise to act in good faith and deal fairly with Abitare in all matters related to the State Farm policies, including the investigation, adjustment, and payment of Abitare's claim.

22. State Farm breached the implied covenant of good faith and fair dealing in the State Farm policies in at least the following particulars:

(a) Compelling Abitare to initiate litigation to recover amounts due and owing;

(b) Forcing Abitare to retain counsel to file a lawsuit to recover;

(c) Failing to fully indemnify Abitare;

(d) Failing or refusing to fully investigate and ascertain Abitare's losses;

(e) Unreasonably delaying payment of the Claim;

(f) Failing to investigate and adjust the Claim in a fair and reasonable matter;

(g) Not attempting, in good faith, to promptly and equitably settle the Claim after liability became reasonably clear; and

(h) Placing State Farm's interests above those of Abitare.

23. State Farm's refusal to act in good faith constitutes a breach of the State Farm policies.

24. It was foreseeable to State Farm that Abitare would suffer additional damages because of State Farm's breach of the implied covenant.

25. State Farm failed to make payment, refused to make payment, and delayed payment for losses that were covered under the State Farm policies, thus causing damages to Abitare.

26. Abitare suffered consequential damages as a result of State Farm's breach of the State Farm policies.

27. As a result of State Farm's breach of the implied covenant, Abitare has been damaged in an amount to be proven at the time of trial.

28. Abitare is entitled to recover its attorney fees and costs from State Farm pursuant to ORS 742.061.

**THIRD CLAIM FOR RELIEF**

**(Negligence *Per Se*)**

29. Abitare incorporates all of the preceding paragraphs as if fully stated herein.

30. Oregon law required State Farm to comply with the Oregon Unfair Claims Settlement Practices Act, ORS 746.230 *et seq.*, which establishes as a matter of law the applicable standard of care to be followed by or against its insureds.

31. State Farm's claims handling and conduct in connection with Abitare's claim for coverage under the State Farm policies were negligent *per se* and were designed to make Abitare compromise valid claims to accept less than what was due under the State Farm policies.

32. State Farm's conduct, as alleged above, breached the standard of care owed to Abitare in at least one of the following ways:

(a) Misrepresenting facts or policy provisions in settling claims in violation of ORS 746.230(1)(a);

(b) Refusing to pay claims without conducting a reasonable investigation based on all available information in violation of ORS 746.230(1)(d); and

(c) Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants in violation of ORS 746.230(1)(g).

33. Abitare, as an insured under the State Farm policies, is and at all material times was a member of the class of persons intended to be protected under ORS 746.230 *et seq*.

34. State Farm's breach of the applicable standard of care has damaged Abitare in the following ways:

(a) Abitare was required to incur the entire cost to remediate and repair the property damage;

(b) Abitare has been forced to incur costs it would not have been forced to incur had it not been required to pay the entire cost to remediate and repair the property damage;

(c) Abitare's members have been required to spend a substantial amount of time, effort, and expense in responding to State Farm's demands and in securing the benefits it is owed under the State Farm policies; and

(d) State Farm's breach of the applicable standard of care has damaged Abitare in the amount that Abitare has incurred and continues to incur in addressing the various breaches.

35. The damages suffered by Abitare are the type that ORS 746.230 *et seq*. was intended to prevent.

36. Abitare is entitled to recover its attorney fees incurred in this action pursuant to ORS 742.061, as well as the attorney fees incurred in pursuing Abitare's rights under the State Farm policies prior to filing this action, because of State Farm's negligence.

37. State Farm showed a reckless and outrageous indifference to a highly unreasonable risk of harm to its insured, and State Farm acted with a conscious indifference to the interests and welfare of its insured. In order to deter such conduct by State Farm in the future, and to prevent such repetition of such conduct as a practice, State Farm should be awarded punitive damages in addition to the damages set forth above.

WHEREFORE, Abitare requests the following relief:

A. On the First and Second Claims for Relief, that judgment be entered in its favor, and against Abitare, in an amount to be proven at the time of trial;

B. On the Third Claim for Relief, that judgment be entered in its favor, and against Abitare, for compensatory damages in an amount to be proven at trial and for punitive damages in an amount to be proven at trial;

C. That Abitare recover pre- and post-judgment interest;

D. That Abitare recover its attorney fees and costs pursuant to ORS 742.061;

E. That Abitare recover its expert fees and costs; and

F. Such other relief as deemed just and appropriate by the Court.

DATED: June 20, 2018

Respectfully submitted,

FOREMAN STURM & THEDE LLP

By: */s/ Kyle A. Sturm*

**Kyle A. Sturm, OSB No. 080214**
kyle@foremansturm.com
**Nicholas A. Thede, OSB No. 075460**
nick@foremansturm.com

Attorneys for Plaintiffs